# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **CITY OF TAZEWELL** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **BEALL MEDICAL CLINIC, LLC** ) | |
| ) | |
| **Defendant** ) | |

## DEFENDANT BEALL MEDICAL CLINIC, LLC'S NOTICE OF REMOVAL

Pursuant to Pursuant to 28 USC §1332 and original federal jurisdiction under 28 U.S.C. § 1331, 1441 and 1144, and supplemental jurisdiction under 28 U.S.C. § 1367, 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and other applicable law, Defendant Beall Medical Clinic, LLC ("Beall Medical"), hereby gives notice of the removal of this action from the Chancery Court of Claiborne County at Tazewell in Tennessee and states the following:

### IDENTIFICATION AND CITIZENSHIP OF PARTIES

1. Plaintiff, City of Tazewell ("Plaintiff") is a duly incorporated city recognized in the State of Tennessee.

2. Defendant, Beall Medical Clinic, LLC, is and was at all times relevant hereto a limited liability company organized and existing under the laws of the State of Kentucky, admitted to do business in Tennessee, whose two members are and were at all times relevant hereto Shane Beall, who resides at 177 Ellerslie Park Blvd., Lexington, Fayette County, Kentucky 40515, and Tiffany Osborne, who resides at 1661 Clintonville Road, Paris, Bourbon County, Kentucky 40361.

## PROCEDURAL HISTORY AND ALLEGATIONS

3. Plaintiff first filed this case on September 9, 2019, in the Chancery Court of Claiborne County at Tazewell in Tennessee, Case No. 19374. *See* **Exhibit A** (Copies of "all process, pleadings, and orders served" on Beall Medical pursuant to 28 U.S.C. § 1446(a)).

4. Beall Medical's registered agent was served on September 10, 2019, with the Summons and Complaint for this action.

5. This case is about the wrongful actions and conduct of Plaintiff in the enactment, implementation and enforcement of Plaintiff's Ordinances, specifically including Plaintiff's Ordinance 305, as enacted and sought to be enforced herein, in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, 42 U.S.C. §§ 12101 et seq. and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and which form the basis for the counterclaims of the Plaintiff pursuant to Garland Law.

## GROUNDS FOR REMOVAL

6. There is complete diversity of citizenship between the parties as Plaintiff is a citizen of the State of Tennessee and each member of Beal Medical is a citizen of the Commonwealth of Kentucky. Therefore, the diversity of citizenship requirement set forth in 28 U.S.C. § 1332(a)(1) is satisfied.

7. The amount in controversy with respect to Beall Medical's claims against Plaintiff exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Therefore, the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied with respect to Beall Medical's claims against Plaintiff.

8. This is an action over which this Court has original federal jurisdiction under 28 U.S.C. § 1331, 1441 and 1144, insomuch as the Complaint gives rise to a counterclaim for the

Plaintiff's violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* and the Rehabilitation Act. The ADA and the Rehabilitation Act were federally created laws and as such, Beall Medical's counterclaim for the Plaintiff's violation of these laws constitute a cause of action created by federal law.

9. In the Complaint, the Plaintiff cites Beall Medical for a violation of Ordinance 305, which was created and enacted with the intent to discriminate against individuals with substance use disorders, a recognized disability under the terms of the ADA and a violation of the Rehabilitation Act.

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims for Beall Medical's alleged violation of Ordinance 305.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

11. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Knoxville Division, and, as noted above, this cause of action is removable to the United States District Court for the Eastern District of Tennessee, Knoxville Division, pursuant to 29 U.S.C. § 1441, as an action founded upon a claim or relief arising out of the laws of the United States.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all papers, including all process, pleadings, and orders served on Beall Medical, in the State Court action are attached hereto.

13. This Notice of Removal is filed within thirty (30) days after receipt by Beall Medical of the copy of the Complaint and summons in this action and Plaintiff is estopped from seeking remand of this matter on this basis.

3

Case 3:19-cv-00394-JRG-HBG   Document 1   Filed 10/08/19   Page 3 of 5   PageID #: 3

14. Notice to the Chancery Court of Claiborne County at Tazewell of the removal of this action, including a true and correct copy of this Notice is filed with the Clerk of the Chancery Court of Claiborne County at Tazewell, as required by 28 U.S.C. § 1446(d). **Exhibit B**.

## NON-WAIVER OF DEFENSES

15. By removing this action from the State Court, Beall Medical does not waive any defenses available to it.

16. By removing this action from the State Court, Beall Medical does not admit any of the allegations set forth in the Complaint, except for the allegations expressly admitted in Beall Medical's Answer to the Complaint.

**WHEREFORE**, the Defendant Beall Medical Clinic, LLC removes this action from the Chancery Court of Claiborne County at Tazewell in Tennessee to the United States District Court for Eastern District of Tennessee, Knoxville Division.

Respectfully submitted,

FARMER PURCELL WHITE
& LASSITER, PLLC
150 Fourth Avenue, N., Suite 1820
Nashville, TN 37219
(615) 810-8777
jfarmer@fpwlegal.com

*/s/ Jonathan Farmer*
JONATHAN FARMER
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of October 2019, a true and correct copy of the foregoing was served via electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

David H. Stanifer, Esq.
Stanifer and Stanifer
1735 Main Street
Tazewell, Tennessee 37879

                                                                        /s/ Jonathan Farmer
                                                                         JONATHAN FARMER

4812-5315-7289, v. 1

5

Case 3:19-cv-00394-JRG-HBG   Document 1   Filed 10/08/19   Page 5 of 5   PageID #: 5